# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

    Petitioner,

vs.                                               No. CV 17-00887 JCH/GJF

THOMAS C. HAVEL,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under 28 U.S.C. § 2241 on the Petition for Writ of Habeas Corpus filed by Petitioner Herbert Manygoat (Doc. 1), as amended by his amended petition (Doc. 3) and Second Amended Petition for Writ of Habeas Corpus (Doc. 9) ("the Petition"). The Court dismisses the Petition based on the doctrine of abstention or, in the alternative, for failure to exhaust state court remedies.

Petitioner Herbert Manygoat filed his Petition for Writ of Habeas Corpus on August 28, 2017. (Doc. 1). Manygoat's Petition indicates he is a pretrial detainee awaiting trial on New Mexico state charges of 1st Degree Kidnapping (Intent to Commit Sex Crimes) and Aggravated Battery (Deadly Weapon). *See* Doc. 1 at 2-5; *State of New Mexico v. Herbert Manygoat,* No. M-47-FR-2016-00267. Since the filing of his Petition, Manygoat has filed nine amendments or supplements to the Petition. (Doc. 3, 4, 5, 6, 7, 8, 9, 11, 14).

Although difficult to decipher, Manygoat's Petition appears to seek release from detention on three grounds: (1) that his counsel has been ineffective by failing to obtain Manygoat's release due to a medical disability (Doc. 1 at 2-3); (2) that one of the victims is not cooperating and the

1

charges should be dismissed because her accusations are false (Doc. 1 at 3-4); and (3) that Manygoat is actually innocent of the crimes charged (Doc. 1 at 3). His amendments and supplements to the Petition make similar allegations and also contend that another inmate is making false statements to others in the correctional facility that Manygoat is a sex offender. (Doc. 11, 14).

**1. The Court Grants Petitioner Manygoat's Application to Proceed *In Forma Pauperis***

When he initiated this proceeding, Manygoat did not file an application to proceed without prepaying fees or costs under 28 U.S.C. § 1915, nor did he pay the $5 filing fee. The Court entered an Order to Cure Deficiency on March 28, 2018. (Doc. 11). In response to the Order to Cure Deficiency, Petitioner Manygoat filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 12, 13). The Court has conducted the review required by 28 U.S.C. § 1915(a) and grants the Application to Proceed (Doc. 13).

**2. The Court Strikes Petitioner Manygoat's Civil Rights Filings**

Manygoat commenced this proceeding as a habeas corpus case. (Doc. 1). In some of his supplemental and amended filings, Manygoat makes allegations and asserts claims in the nature of civil rights claims. Manygoat states "I got recourse through courts of New Mexico Tort Claims Act and 42 U.S.C. § 1983 civil rights claims" (Doc. 14 at 1) . . ."Please assist me at receiving some (money) concerning the false labeling of being a 'rapist.'" (Doc. 14 at 4).

As Manygoat has been previously advised, habeas corpus is not available or appropriate as a damages remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). *See* CV 18-00222 JB/KRS, Doc. 3. Further, it is unreasonable to expect the Court continually to have to adapt as the petitioner develops new theories or locates new respondents or defendants. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir.2006). Last, rambling and incomprehensible filings that bury

2

material allegations in "a morass of irrelevancies" do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981). A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000)(unpublished).

Manygoat's supplemental and amended filings are largely incomprehensible, allege claims that are unrelated to his original habeas corpus filing, and seek damages which are unavailable in a habeas corpus proceeding. The Court will strike Doc. 11 and 14 as violative of Fed. R. Civ. P. 8. If Manygoat wishes to pursue civil rights claims, he must file a proper civil rights complaint in a separate proceeding.[1]

### 3. The Court Will Dismiss Manygoat's Habeas Corpus Petition Without Prejudice

In his habeas corpus Petition, Manygoat appears to be challenging his pretrial detention based on charges in a pending San Juan County, New Mexico Magistrate Court criminal proceeding, No. M-47-FR-2016-00627. (Doc. 1 at 7, 10-24). His allegations are difficult to follow, but seems to seek dismissal of the criminal proceeding or release from custody on three grounds—ineffective assistance of counsel, failure of the victims' allegations, and actual innocence. (Doc. 1 at 1-3).

With respect to ineffective assistance of counsel, Petitioner Manygoat claims that he is physically disabled as a result of tibia and fibula fractures of his legs in 1995 and 2016. (Doc. 1 at 2). Manygoat contends that his Public Defender, Scott M. Curtis, ignored his disabilities, saying "I don't care. Because I'm retiring!!" (Doc. 1 at 2). He claims that "[f]ormer Public Defender

---

[1] The Court notes that Manygoat already has several pending civil rights cases in this Court. See *Manygoat v. Havel,* No. CV 17-01115 JCH/GJF, *Manygoat v. Havel,* No. CV 18-00222 JB/KRS, and *Manygoat v. Mejia,* No. CV 19-00028 JCH/SMV

Scott M. Curtis was present <u>only for the record</u>. But, supposedly not even for Defending me. . . the Physically Disabled accused. . .So, ineffective assistance of Council just remains." (Doc. 1 at 3) (emphasis in the original).

As to the second grounds, Manygoat contends:

> "Victims <u>refuses</u> assisting in the unreasonable prosecutions. . . Victim-Rolinda Benally failed appearing for scheduled preliminary hearing on 10/12/2016. Therefore; her case for 'kidnapping' and 'aggravated battery' should've been <u>legally expunged</u> back on 10-12-2016."

(Doc. 1 at 3). Last, regarding actual innocence, Manygoat states that "Attn: I'm remaining NOT GUILTY and never will be judged GUILTY. <u>No Way</u>!! (Doc. 1 at 3) (emphasis in the original).

Manygoat's Petition is on a New Mexico state court form and does not indicate the statutory basis for his claims. (Doc. 1 at 1). The Petition states that he both "seeks to vacate, set aside or correct an illegal sentence or order of confinement" and "challenges confinement of conditions of confinement or matters other than the sentence or order of confinement." (Doc. 1 at 1, ¶ 2). A state court defendant attacking pretrial detention should bring a habeas corpus petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241. *See, e.g., Green v. Whetsel,* 164 F.App'x. 710, 710–11 (10th Cir. 2006); *Fuller v. Green,* 112 F.App'x. 724, 725 (10th Cir. 2004); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Because Manygoat is a pretrial detainee and his state criminal case is still pending, the Court construes Manygoat's Petition as brought under 28 U.S.C. § 2241.

The Court concludes that abstention is appropriate based on the doctrine enunciated in *Younger v. Harris,* 401 U.S. 37 (1971) and Manygoat's pretrial habeas application should be dismissed without prejudice. Although federal courts have an obligation to exercise jurisdiction granted them in most circumstances, they must on rare occasions abstain from exercising their jurisdiction in order to "avoid undue interference with states' conduct of their own affairs,"

*Seneca–Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson,* 874 F.2d 709, 711 (10th Cir. 1989). *See, also, Deakins v. Monaghan,* 484 U.S. 193, 203 (1988). In *Younger,* the Supreme Court held that a federal court should not enjoin a pending state criminal proceeding except to prevent great and immediate irreparable injury. *See* 401 U.S. at 43–45. This decision rested on "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982).

The *Younger* doctrine, as developed, requires abstention when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims. *See, e.g., Middlesex County,* 457 U.S. at 432; *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir. 1997); *Seneca–Cayuga Tribe,* 874 F.2d at 711. *Younger* abstention is not discretionary once these three conditions are met. *Seneca–Cayuga Tribe,* 874 F.2d at 711; *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290–91 (10th Cir. 1999). In this case, granting Manygoat habeas relief would interfere with his state criminal proceedings, the State of New Mexico's interest in prosecuting crimes occurring within its jurisdiction is an important state interest, and the New Mexico State court proceedings afford Manygoat an adequate opportunity to raise any federal claims he may have. *Seneca–Cayuga Tribe,* 874 F.2d at 711. The Court determines that extraordinary circumstances do not exist and the Court must mandatorily abstain and dismiss Manygoat's habeas claims without prejudice. *J.B. ex rel. Hart v. Valdez*, 186 F.3d at 1290–91.

Alternatively, even if the Court was not required to abstain, dismissal is warranted because Manygoat has failed to exhaust his state remedies. The requirement of exhaustion of state court remedies applies not only to post-conviction claims brought under 28 U.S.C. § 2254, but also to §

2241 habeas petitions brought by pretrial detainees. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-91 (1973). The record shows that the New Mexico criminal proceedings are pending and there is no allegation or contention that Manygoat has exhausted all available state court remedies. (Doc. 1 at 3-4). Therefore, the Court will also dismiss Manygoat's Petition without prejudice based on his failure to exhaust the state remedies

**IT IS ORDERED**:

(1) The Application to Proceed in District Court Without Prepaying Fees or Costs filed by Petitioner Herbert Manygoat (Doc. 13) is **GRANTED**;

(2) Petitioner Manygoat's filings asserting civil rights claims (Doc. 11, 14) are **STRICKEN**; and

(3) Petitioner Herbert Manygoat's Petition for Writ of Habeas Corpus (Doc. 1), as amended by the amended petition (Doc. 3), and Second Amended Petition for Writ of Habeas Corpus (Doc. 9), is **DISMISSED** without prejudice based on *Younger* abstention and failure to exhaust state court remedies.

_____
UNITED STATES DISTRICT JUDGE